IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JASON EUGENE WINBUSH                                                    PLAINTIFF
ADC #89290

V.                                        NO. 5:06CV00065 JLH/JWC

LARRY NORRIS, et al                                                    DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I. Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff is a pro se inmate currently confined to the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC").  On March 20, 2006, Plaintiff filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted.   Plaintiff's original complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A; accordingly, by order entered March 27, 2006 (docket entry #3), Plaintiff was directed to amend his complaint to specifically explain: 1) how Defendants Norris and Harmon were personally involved in or had knowledge of the actions of which he complained; 2) how Defendants Norris and Harmon violated his constitutional rights; 3) whether he was making a claim for anything other than the denial of his placement in the general prison population since February 8, 2005; and 4) whether he sued each Defendant in an individual capacity, official capacity, or both.  Plaintiff timely

filed an amended complaint (see docket entry #7).  For the reasons set forth herein, this case should be dismissed in its entirety with prejudice.

### III.  Standard

After granting Plaintiff in forma pauperis status, Plaintiff was notified (docket entry #3) that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  This Court may sua sponte dismiss a complaint filed in forma pauperis in whole or in part at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro

se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

## IV.  Analysis

According to Plaintiff's original and amended complaints (see docket entries #2, #7), on August 3, 1992, he was found guilty of sexual misconduct / a forced sexual act in connection with the alleged rape of another inmate at the Cummins Unit.  He was reduced to Class IV, given thirty-days punitive isolation, and then assigned to administrative segregation.   Plaintiff contends there was no physical evidence to support the major disciplinary he received and no free-world charges were ever filed against him.  He was subsequently released twice on parole.  The Prison Rape Elimination Act of 2003 ("PREA") was enacted into law on September 4, 2003.[1]  In January 2004, the ADC began addressing issues in connection with the law and developing plans to respond.  On May 11, 2005, the ADC issued its policy concerning sexual predators in prison.[2]  PREA establishes a zero tolerance standard for the incidence of rape in the ADC.   Any inmate that is currently incarcerated in the ADC who has been found guilty of the disciplinary charge of rape will be reviewed by the Unit Classification Committee for possible assignment to single-man cell housing, segregated from the general population.

---

[1] PREA is codified at 42 U. S. C. § 15602, et. seq.

[2] The Court accepts Plaintiff's recitation of these relevant dates as accurate at this stage of the litigation and for purposes of these findings and recommendations.  It does note, however, that Plaintiff uses May 11, 2005, as the date the ADC issued its policy concerning sexual predators in prison and February 8, 2005, as the date he was denied general population placement by the ADC Classification Committee based on his PREA status.

When Plaintiff was most recently returned to prison, he was assigned to the EARU and then to the Max population in an unrelated incident.  When he appeared before the Classification Committee he was informed that his PREA status prevented his placement back into the general population.[3]  Plaintiff challenges his PREA classification on the grounds that the rape was never proven in a court of law and never appealed to the highest level at his current institution of incarceration.  He further contends that his placement in single-man cell housing has deprived him of the opportunity to live in the general population.  Plaintiff holds Defendants liable for classifying him as a sexual predator without investigating the sexual misconduct allegation and falsely finding him guilty of rape.  Last, it is Plaintiff's belief that Defendants' actions are in violation of his due process and equal protection rights.

## A.   1992 Disciplinary Challenge

As an initial matter, the Court notes that any challenge Plaintiff wishes to assert in connection with the disciplinary he received in August 1992 has long since been waived on statute of limitation grounds.  He may no longer challenge Defendants' classification, investigation, and findings of rape.  It is a general principle of federal civil procedure that courts can raise affirmative defenses sua sponte if it "'is so plain from the face of the complaint that the suit can be regarded as frivolous; and the district judge need not wait for an answer before dismissing the suit.'"  World Church of Creator v. Te-Ta-Ma Truth Found.-Family of URI, Inc., 239 F. Supp.2d 846, 847 (C.D. Ill. 2003) (citing Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002)); Pino v. Ryan, 49 F.3d 51, 53 (2nd Cir.

---

[3] It is unclear whether Plaintiff was in the general population before he was sent to the Max population.

1995) (sua sponte dismissal prior to service of the pro se complaint upheld on limitations grounds as a dismissal for frivolousness since such a claim "is based on an indisputably meritless legal theory").  It is also clear that the Prison Litigation Reform Act makes Fed. R. Civ. P. 12(b)(6) grounds available to a district court at any time, and in fact seems to make dismissal on such grounds mandatory.  See 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (iii) fails to state a claim on which relief may be granted") (emphasis added).

Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See United States v. Kubrick, 444 U.S. 111, 122-24 (1979); Hill v. State of Iowa, 89 F.3d 840 (8th Cir. 1996) (unpub. per curiam); Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995); see also Chalmers v. Toyota Motor Sales, USA, Inc., 935 S.W.2d 258, 261 (Ark. 1996) (the limitations period begins running when "there is a complete and present cause of action" and "in the absence of concealment of the wrong, when the injury occurs, not when it is discovered").

While the accrual question is governed by federal law, the relevant limitations period is determined by state law.  In Wilson v. Garcia, 471 U.S. 261 (1985), the United States Supreme Court held that § 1983 actions should be characterized as personal injury claims, and, as such, are governed by the personal injury statute of limitations in the state where the alleged injury occurred.  In Arkansas, the general personal injury statute of limitations is three years, and this period therefore governs Plaintiff's § 1983 action.  See Ark. Code Ann. § 16-56-105; Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992).

It is facially evident from Plaintiff's recitation of the facts that he had actual notice that he had been labeled a "sexual predator" when he was found guilty of the major disciplinary on August 3, 1992.  Drawing all inferences in his favor, and using August 3, 1992, for limitations purposes, the last day he could file his complaint in this Court challenging his disciplinary was August 3, 1995, ten and a half years before he filed this particular lawsuit.

**B.    Due Process**

Plaintiff's challenge to his PREA classification (stemming from the 1992 disciplinary) and, ultimately, to his placement in single-man cell housing based on his prior status when he was re-incarcerated in 2005, fails because he has no liberty interest in general population placement.  To state a cognizable claim for denial of due process, Plaintiff must be able to allege the loss of a protected liberty interest to which due process protections apply.  Analysis of Plaintiff's claim begins with Sandin v. Conner, 515 U.S. 472 (1995).  Under Sandin, a liberty interest is implicated and thus triggers due process protections, when an inmate is restrained in such a way that it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and represents "a dramatic departure from the basic conditions" of the inmate's confinement.  Id. at 484-85.

Under Sandin, this Court must initially ascertain whether the discipline imposed either represented "a dramatic departure from the basic conditions" of Plaintiff's confinement or exceeded similar, but totally discretionary, restraints in either duration or degree of restriction.  Id. at 485-86.  To measure whether the particular restrictions imposed on an inmate are atypical and significant, Sandin instructed courts to consider the

following three factors: 1) the effect of the segregation on the length of prison confinement; 2) the extent to which the conditions of the segregation differ from other routine prison conditions; and 3) the duration of the segregation imposed compared to discretionary confinement.  Id. at 484.  The length of time of a prisoner's segregation is a significant factor in the determination of whether the confinement is an atypical and significant hardship.  Id. at 475-76, 486 & n.2.

In a number of cases, the Eighth Circuit has consistently held that administrative and disciplinary segregation are not the kind of "atypical and significant" deprivations that create a liberty interest under Sandin.  See Portley-El v. Brill, 288 F.3d 1063, 1065-66 (8th Cir. 2002); Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); Kennedy v. Blankenship, 100 F.3d 640, 642-43 (8th Cir. 1996); Wycoff v. Nichols, 94 F.3d 1187, 1189-90 (8th Cir. 1996); Ochs v. Thalacker, 90 F.3d 293, 297 & n.4 (8th Cir. 1996).  The Eighth Circuit has reached similar results in several unpublished decisions as well.  Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpub. per curiam); Driscoll v. Youngman, 124 F.3d 207 (8th Cir. 1997) (unpub. per curiam).

In the instant case, Plaintiff simply does not allege facts sufficient to establish a protected liberty interest.  Most significant, this is not an issue of Plaintiff's placement in administrative or disciplinary segregation.  To the contrary, his assignment to single-man cell housing is not in truth punitive.  Nor does Plaintiff allege that his privileges are restricted in any manner or that he is unable to earn good-time credits as a result of his housing placement, the denial of both which over an extended period of time could create a liberty interest.  Plaintiff makes no real allegation of hardship or improper treatment due to his classified confinement aside from his general assertion that he is deprived of the

8

opportunity to live in the general population, to which he has no constitutional right.  In no manner does Plaintiff explain how the circumstances of his housing amount to an atypical and significant hardship when compared to ordinary prison life.  Plaintiff's assignment to a single-man cell, standing alone, cannot be said to constitute an "atypical and significant hardship" in relation to what can reasonably be expected in the prison environment, and is certainly not a "dramatic departure from the basic conditions" of his confinement.  For these reasons, his Fourteenth Amendment due process claim should be dismissed.

## C.   Equal Protection

Plaintiff's equal protection claim also fails.  Prisoners are protected under the Fourteenth Amendment from invidious discrimination based on race.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  The Equal Protection Clause generally requires the government to treat similarly situated people alike.  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).  "Dissimilar treatment of dissimilarly situated persons" does not violate the Equal Protection Clause.  Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994).  The first step in evaluating an equal protection claim, therefore, is determining whether Plaintiff has demonstrated that he was treated differently than others who were similarly situated to him, simply because he is black.  Although Plaintiff fails to even mention his race, a check of the ADC inmate website indicates that Plaintiff is a black male.  Arnold v. City of Columbia, Missouri, 197 F.3d 1217, 1220 (8th Cir. 1999) (city employee pay classification scheme); Keevan v. Smith, 100 F.3d 644, 647-48 (8th Cir. 1996) (gender discrimination); Klinger, 31 F.3d at 731.  This is a threshold question.  Id. Next, Plaintiff bears the burden of proving, by direct or circumstantial evidence, that discriminatory intent was the motivating factor for the differentiation in treatment.  See Vill.

of Arlington Heights v. Metropo. Hous. Dev. Corp., 429 U.S. 252, 265 (1977) ("proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause"); Washington v. Davis, 426 U.S. 229, 240 (1976).   Once Plaintiff establishes a prima facie case of racial discrimination, the burden shifts to Defendants to prove their actions were not motivated by race.  Washington, 426 U.S. at 241.

When analyzed, Plaintiff's claim fails at the first step.   As observed in Klinger, "Absent a threshold showing that [plaintiff] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." Klinger, 31 F.3d at 731.  In support of his equal protection allegation Plaintiff offers only a statement, without more, that Defendants' actions (in finding him guilty of forced sexual misconduct in 1992, and relegating him to single-man cell housing upon his incarceration in 1995 based on his PREA status) have somehow violated his equal protection rights.  In fact, he never even raises the issue of race, much less has he demonstrated that he was treated differently than others who were similarly situated to him.  Plaintiff's conclusory allegation, standing alone, simply does not state an equal protection claim.

## V.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED WITH PREJUDICE for failure to state a claim.

2. Any pending motions should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that AN IN FORMA PAUPERIS APPEAL from any order adopting these recommendations, and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

10

4.     This dismissal should count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[4]

DATED this 20th day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.